UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ENRIQUE RAMIREZ, | No. 2:14-cv-2079 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| GARY HAFFNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff alleges that appointment of counsel is warranted because his case has merit and he does not have the ability to adequately prepare his case on his own, "given the complex factual and legal issues involved." (ECF No. 41 at 2.) Plaintiff alleges that he is indigent and his efforts to obtain pro bono counsel have been unsuccessful. (Id.) Plaintiff further alleges that he is a "ninth grade dropout" and has had a difficult time conducting legal research on his own. Plaintiff has relied heavily on inmate assistance, but the inmate who has been assisting plaintiff is scheduled to be transferred to a different prison and will no longer be able to provide assistance. (Id. at 4.) Plaintiff alleges that he is unable to obtain regular assistance from other inmates because he is in solitary confinement at Pelican Bay State Prison for "administrative reasons unrelated to misconduct."[1] (Id.) Plaintiff alleges that he does not know how to conduct discovery, prepare pretrial motions, obtain expert testimony, frame legal and factual issues, or otherwise prepare for trial, and he has been "severely hampered" by prison officials at Pelican Bay who refuse to provide inmates with adequate library time. (Id. at 4-5.) In support of his request for counsel, plaintiff provides the declaration of Vincent Bruce, an inmate who provided assistance to plaintiff at Pelican Bay State Prison and apparently assisted in preparing the instant request for counsel. (Id. at 3.) Inmate Bruce declares that he has reviewed plaintiff's documents and has had numerous discussions with plaintiff about the instant case. (Id.) According to inmate Bruce, plaintiff "does not have an adequate enough grasp of the legal issues in his case" and plaintiff "did not understand how to amend his complaint to state cognizable claims against the dismissed defendants." (Id.)

To the extent plaintiff alleges that he is indigent, uneducated, unfamiliar with the law, and has limited law library access, these circumstances are common to most prisoners and do not without more warrant appointment of counsel. With respect to plaintiff's assertion that counsel is

---

[1] It is not clear whether plaintiff is still incarcerated at Pelican Bay State Prison. Although Pelican Bay State Prison remains plaintiff's address of record, a search for plaintiff's name in the California Department of Corrections and Rehabilitation's inmate locator service indicates that plaintiff is currently incarcerated at Salinas Valley State Prison. See http://inmatelocator.cdcr.ca.gov/.

1  warranted because his claims have merit "as shown by defendants' choice to not pursue a motion
2  for summary judgment," see ECF No. 41 at 2, this is not an exceptional circumstance as
3  plaintiff's case is in the discovery stage and motions for summary judgment are generally filed
4  after the close of discovery.

5  The court has carefully considered plaintiff's claim that appointment of counsel is
6  required because of the complexity of plaintiff's case.  Plaintiff proceeds against defendants
7  Thomas, Surian, Fleming, Guerra, and Wilson for alleged violations of plaintiff's Eighth
8  Amendment rights.  (See ECF No. 7 at 8-9, 16.)  Plaintiff asserts that his case is "extremely
9  complex" because it involves multiple defendants at three different prisons, spans a period of
10 eight years, and involves complex medical issues related to inadequate and delayed treatment of a
11 tumor on plaintiff's liver, which was discovered in 2010 and removed in 2015.  (See ECF No. 41
12 at 4-5.)  At this stage of the proceedings, it appears that the specific allegations related to the
13 remaining defendants are not sufficiently complex to require appointment of counsel.  For
14 example, plaintiff alleges that after he had a liver embolization in 2014, defendants Guerra and
15 Wilson refused to see plaintiff or provide him with pain medication, despite his complaints of
16 severe pain.  (See ECF No. 1 at 10.)  While plaintiff's pain may have been caused by his liver
17 tumor or the liver embolization procedure, the issue of defendants' alleged failure to respond to
18 plaintiff's complaints of severe pain is not particularly complex, as plaintiff has personal
19 knowledge of his pain and of defendants' alleged refusal to treat him.  Nor does plaintiff's claim
20 that defendant Fleming, a gang investigator, interfered with plaintiff's medical care involve
21 complex medical issues, as plaintiff alleges that Fleming prevented plaintiff from obtaining any
22 medical care for a period of time by throwing away plaintiff's health care requests in order to get
23 plaintiff to debrief.  (See ECF No. 1 at 6-7.)

24 As to defendant Thomas, plaintiff alleges that in 2007, nurse Thomas failed to inform
25 plaintiff's that his test results for Hepatitis B and C were negative, thereby delaying the discovery
26 of plaintiff's tumor by two years.  (ECF No. 1 at 3-4.)  Plaintiff alleges that after his tumor was
27 discovered in 2010, a physician recommended that plaintiff have a "GI follow up," but defendant
28 nurse Surian denied the follow up request.  (Id. at 5-6.)  As a result, plaintiff was not able to see a

specialist for another four years, causing plaintiff to suffer additional pain as his tumor grew larger. In the court's view, plaintiff's allegations that defendant Thomas failed to inform plaintiff of his test results and defendant Surian denied a follow up request recommended by another physician are not of the requisite complexity to warrant appointment of counsel at this time.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. However, plaintiff may renew his motion for counsel at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 22, 2015 motion for the appointment of counsel (ECF No. 41) is denied without prejudice.

Dated: March 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/rami2079.31.kjn